IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 21–cv–02424–PAB–MDB

ROBERT NOLAN,

    Plaintiff,

v.

JOHN HALEY,
DAVID ENCINAS,
JACE MCCALL,
16TH JUDICIAL DISTRICT ATTORNEY,
TODD QUICK, and
JOHN AND JANE DOES 1-25,

    Defendants.

## ORDER

This matter is before the Court on "Plaintiffs [sic] Motion for Request for Court Appointed Counsel." (Doc. No. 45.) No response has been filed to the Motion and the time to do so has lapsed. After carefully considering the Motion, as well as related briefing, the Court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the Court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff Robert Nolan, a *pro se* inmate litigant,[1] brings this lawsuit, pursuant to 42 U.S.C. § 1983, asserting violations of his Fourth and Fourteenth Amendment rights by the 16th Judicial District Attorney's Office, as well as four individual law enforcement officials—the Bent County Sheriff, David Encinas; the La Junta Police Chief, Todd Quick; a La Junta Police Detective, John Haley; and a La Junta Police Officer, Jace McCall. (Doc. No. 20 at 4-32.) Plaintiff alleges, specifically, that Defendants engaged in various acts of investigatory misconduct, and then maliciously prosecuted him on drug charges. (*Id.*) The claims are neither novel, nor complex, and Plaintiff has relayed the substance of his claims effectively thus far. As relief, Plaintiff requests monetary damages, as well as unspecified equitable relief. (*Id.* at 34-35.)

In support of his request for counsel, Plaintiff states that the prison facility at which he is currently confined is frequently "shut down" due to outbreaks of the COVID-19 coronavirus. (Doc. No. 45 at ¶¶ 1-2.) Plaintiff complains that, when these prison shutdowns occur, he has no access to the law library, which precludes his ability "to research, prepare and type any matters subject to this litigation." (*Id.* at ¶ 3.) Plaintiff also complains that his legal mail has been subject to "additional days of screening" by prison officials, which has affected his ability to meet filing deadlines in this case. (*Id.* at ¶ 7.) Plaintiff argues that this lawsuit "involves a significant amount of complexities," and he laments that he "does not understand" the issues, or possess "the skills" of a licensed attorney. (*Id.* at ¶ 4.) Plaintiff expresses concern that Defendants are, by contrast, represented by "[m]ultiple attorneys." (*Id.*) Plaintiff reports that, due to his inmate status, he is

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

unable to "hire counsel" or "to pay any attorney fees." (*Id.* at ¶ 5.) Plaintiff states that, although he "is not entitled to counsel in civil proceedings," he believes that an appointed attorney "would be in the best interests of judicial economy." (*Id.* at ¶ 6.)

Based on Plaintiff's relative success thus far in proceeding with his case, as well as the clear and concise manner with which he has articulated his various points of contention throughout this litigation, the Court finds these arguments to be unavailing. Moreover, in the present Motion, Plaintiff does not specifically address the nature and complexity of the action, the potential merit of his claims, or the actual efforts he has undertaken to retain an attorney by other means. *See* D.C.COLO.LAttyR 15(f)(1)(B). Although Plaintiff expresses concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel. *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008). In addition, the Court does not see any benefit that it may derive from the assistance of appointed counsel. On balance, therefore, the Court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Plaintiffs [sic] Motion for Request for Court Appointed Counsel" (Doc. No. 45) is **DENIED**. It is further

**ORDERED** that the Clerk shall send a copy of this Order, <u>marked as legal mail</u>, to Plaintiff at his address of record: Robert Nolan, #44805-013, Florence Federal Correctional Institution, Inmate Mail/Parcels, PO Box 6000, Florence, CO 81226.

DATED: September 14, 2022.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge