IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02424-PAB-MDB

ROBERT NOLAN,

    Plaintiff,

v.

JOHN HALEY,
DAVID ENCINAS,
JACE MCCALL,
THE 16TH JUDICIAL DISTRICT ATTORNEY, and
TODD QUICK,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 64], in which Magistrate Judge Maritza Dominguez Braswell recommends granting the District Attorney Defendant's Motion to Dismiss Third Amended Complaint [Docket No. 31], granting Defendant Encinias'[1] Motion to Dismiss Third Amended Complaint [Docket No. 39], and granting in part and denying in part Defendants Jon Haley, Jace McCall, and Todd Quick's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 48]. Docket No. 64 at 33-34. Defendant Jace McCall filed objections to that portion of the recommendation that recommends partially

---

[1] Defendant states he is misnamed as David Encinas instead of David Encinias in plaintiff's third amended complaint. Docket No. 39 at 1. Given that the complaint has not been amended to correct this error, the Court will refer to the parties as they are named in the complaint.

denying his motion to dismiss. Docket No. 68 at 1. Plaintiff did not file any objections. The Court has reviewed the non-objected to portion of the recommendation and finds no clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

## I. BACKGROUND[2]

Plaintiff Robert Nolan, who is pro se,[3] is an inmate in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Docket No. 20 at 1. He brings this lawsuit under 42 U.S.C. § 1983, asserting Fourth Amendment malicious prosecution claims against The 16th Judicial District Attorney's Office ("District Attorney Defendant"); the Bent County Sheriff, David Encinas; and three La Junta Police Department officers—Detective John Haley, Officer McCall, and Chief Todd Quick. *Id.* at 2-32.

Mr. Nolan's claims arise out of his 2018 federal indictment on seven felony drug and weapon charges. Docket No. 31-1. In his Third Amended Complaint, Mr. Nolan alleges that defendants caused him to be prosecuted on those charges without probable cause. Docket No. 20 at 23-29. Specifically, Mr. Nolan alleges that defendants improperly coerced an unreliable confidential informant, Juan Ortega, to cooperate in the underlying criminal investigation; that defendants fabricated affidavits to obtain invalid search warrants; and that they used those defective warrants as a pretextual justification to illegally search Mr. Nolan's home and shop. *Id.* at 6-32.

---

[2] The objection does not contest the statement of facts in the recommendation, *see* Docket No. 68; Docket No. 64 at 2-4, which the Court recounts here.

[3] Because Mr. Nolan is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

During the searches of Mr. Nolan's home and shop, law enforcement seized methamphetamine, cocaine, heroin, and marijuana, as well as multiple firearms. Docket No. 20-1 at 1; Docket No. 20-3 at 7.  As a result, Mr. Nolan was arrested, and on June 21, 2018, a federal grand jury returned a seven-count indictment, charging him with the following offenses: (1) knowing and intentional possession of less than five grams of methamphetamine with intent to distribute; (2) felon in possession of a firearm; (3) knowing and intentional possession of fifty grams or more of methamphetamine with intent to distribute; (4) knowing and intentional possession of heroin with intent to distribute; (5) knowing and intentional possession of marijuana with intent to distribute; (6) knowing and intentional possession of cocaine with intent to distribute; and (7) carrying a firearm during the commission of a drug trafficking offense.  Docket No. 31-1. Count 1 of the indictment was based on a controlled buy between Mr. Nolan and Mr. Ortega that predated the issuance of the two search warrants, while Counts 2-7 were based on items seized during the execution of those search warrants.  Docket No. 20-1 at 1.

Following his indictment, Mr. Nolan filed a motion to suppress "all evidence obtained as a result of the unlawful searches of Mr. Nolan's home and shop based on constitutionally invalid search warrants," as well as a motion *in limine* to preclude admission of all statements made by the confidential informant, Mr. Ortega.  *Id.*; Docket No. 31-4 at 3.  The Court granted the motion to suppress as to the search of Mr. Nolan's shop, but denied it as to the search of Mr. Nolan's home.  Docket No. 31-3 at 3; Docket No. 31-4 at 2.  The Court also denied the motion *in limine*.  Docket No. 31-4 at 3.

After a three-day trial in January 2019, a jury found Mr. Nolan not guilty as to the first count of the indictment and guilty as to the remaining counts. Docket No. 31-5 at 2-4. On appeal, the Tenth Circuit affirmed the denial of the motion to suppress evidence seized from Mr. Nolan's home. *United States v. Nolan*, 854 F. App'x 977, 981 (10th Cir. 2021) (unpublished). Mr. Nolan is currently serving a prison sentence in connection with his conviction.

Based on the foregoing events, on September 7, 2021, Mr. Nolan commenced this § 1983 lawsuit. Docket No. 1. On April 20, 2022, Mr. Nolan filed a third amended complaint, asserting claims under the First, Fourth, Fifth, and Fourteenth Amendments against the five named defendants and John and Jane Does 1-25. Docket No. 20. After an initial screening by the Court pursuant to 28 U.S.C. § 1915A., the majority of Mr. Nolan's claims were dismissed as legally frivolous. Docket No. 25 at 2.

## II. LEGAL STANDARDS

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."). An objection is "proper" if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Federal Rule of Civil Procedure 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b).").

The Court reviews a magistrate judge's recommendation on dispositive motions de novo, *see Gordanier*, 2010 WL 935665, at *1, and reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes; *Summers*, 927 F.2d at 1167; *Thomas*, 474 U.S. at 150.

5

## III. ANALYSIS

The magistrate judge recommends granting the District Attorney Defendant's Motion to Dismiss Third Amended Complaint, Docket No. 31, dismissing Mr. Nolan's claim against "The 16th Judicial District Attorney," granting Defendant Encinias' Motion to Dismiss Third Amended Complaint, Docket No. 39, dismissing Mr. Nolan's claim against defendant Encinas, granting in part and denying in part Defendants Jon Haley, Jace McCall, and Todd Quick's Motion to Dismiss Plaintiff's Third Amended Complaint, Docket No. 48, and dismissing Mr. Nolan's claim against defendants Haley and Quick. Docket No. 64 at 33-34. Officer McCall objects to the portion of the recommendation that addresses Mr. Nolan's claim against Officer McCall. Docket No. 68 at 1.

In his motion to dismiss, Officer McCall argued that Mr. Nolan's claim against him should be dismissed because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and by the doctrine of collateral estoppel. Docket No. 48 at 6-8. Officer McCall also argues he is entitled to qualified immunity. *Id.* at 8-13. The recommendation rejects each of these arguments. Docket No. 64 at 18-32. Officer McCall argues in his objection that the magistrate judge erred in determining Mr. Nolan's claim is not barred by the statute of limitations. Docket No. 68 at 4.

The recommendation found that Mr. Nolan's claim accrued on January 24, 2019. Docket No. 64 at 22. The recommendation ruled that the statute of limitations for Mr. Nolan's claim is two years, *id.* at 21, and, although Mr. Nolan filed his claim seven months after the expiration of the statute of limitations on September 7, 2021, that the doctrine of equitable tolling may apply to Mr. Nolan's claim, making it timely. *Id.* at 26.

First, Officer McCall argues that Mr. Nolan's claim accrued on December 20, 2018, when the Court suppressed evidence from the search of Mr. Nolan's shop, instead of January 24, 2019, when he was acquitted of one of the claims brought against him. Docket No. 68 at 5. Officer McCall did not argue that Mr. Nolan's claim accrued before January 24, 2019 in his motion to dismiss, *see generally* Docket No. 48, and so this argument is waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Even if this argument was not waived, defendant identifies no error in the recommendation. "A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (citations omitted). In order for a termination to be favorable, it "must in some way indicate the innocence of the accused." *Margheim v. Buljko*, 855 F.3d 1077, 1089 (10th Cir. 2017). Partially prevailing on a suppression motion based on an invalid search warrant is not indicative of innocence. *See id.* Mr. Nolan's suppression hearing cannot constitute a favorable termination that could establish when his malicious prosecution claim accrued.

Next, Officer McCall argues that Mr. Nolan cannot show extraordinary circumstances that would require the tolling of the statute of limitations. Docket No. 68 at 6-8. The magistrate judge noted "serious doubts as to whether equitable tolling is appropriate in [plaintiff's] case," but ultimately recommended denying defendant's motion because further factual development was needed. Docket No. 64 at 25-26. The

recommendation observed that Mr. Nolan's complaint stated that he did not have access to his case files until June 2021 and that he was unable to access the law library until August 7, 2021. *Id.* at 24-25.

"State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions." *Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1014 (D. Colo. 2007) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)). Colorado recognizes two situations where equitable tolling is applicable: first, "where the defendant's wrongful conduct prevented the plaintiff from asserting his or her claims in a timely manner" and, second, "where extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096-97 (Colo. 1996).

To prevail on an "extraordinary circumstances" theory, plaintiff must show that he made "diligent efforts" to pursue his claims. *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000) ("The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims."); *Pinson v. Pacheco*, No. 10-cv-01377-REB-MJW, 2011 WL 1755888, at *4 (D. Colo. Mar. 16, 2011) (finding that whether plaintiff was entitled to equitable tolling depended on whether "he [had] diligently pursued his claims following the exhaustion of his administrative remedies" (internal quotation marks and brackets omitted)), *recommendation adopted*, 2011 WL 1755022 (May 9, 2011).

Officer McCall states that Mr. Nolan did not request the files he needed for this case until May 2021, four months after the statute of limitations expired on January 24, 2021. Docket No. 68 at 7. Officer McCall argues that this is enough to prevent

equitable tolling because Mr. Nolan cannot show he diligently pursued his claims before the expiration of the statute of limitations.[4]  *Id.*

Courts have generally required a plaintiff alleging denial of access to his own legal materials to demonstrate diligence by "making multiple requests that his documents be returned before the deadline" or by "attempting to timely file in spite of the lack of access."  *United States v. Oakes*, 445 F. App'x 88, 94 (10th Cir. 2011) (unpublished) (internal quotation marks omitted); *United States v. Gabaldon*, 522 F.3d 1121, 1126-27 (10th Cir. 2008) (finding that plaintiff "demonstrated due diligence in attempting to retrieve his seized legal materials before his filing deadline").[5]  Here, Mr. Nolan's complaint alleges that, after the Tenth Circuit affirmed his conviction in May of 2021, his appellate counsel advised him to request his files from his trial counsel.  Docket No. 20 at 32-33.  Mr. Nolan alleges that after his request, he received his files in June 2021.  *Id.* at 33.  At that time, Mr. Nolan was under restrictions and could not access the law library.  *Id.*  Mr. Nolan was under restrictions from 2020 until 2022.  *Id.*  Mr. Nolan's complaint does not mention any other attempts to pursue this action, to

---

[4] The Court declines to address Officer McCall's argument that Mr. Nolan did not take steps to pursue his claim after his suppression hearing in December 2018, Docket No. 68 at 6, because, for the reasons stated above, the Court finds that Mr. Nolan's claim accrued on January 24, 2019.

[5] Although *Oakes* and *Gabaldon* address the propriety of equitable tolling in the habeas context, both state and federal law impose a similar due diligence requirement.  *Compare Oakes*, 445 F. App'x at 93 ("Equitable tolling requires the defendant to prove . . . that he diligently pursued his claims."), *with Hartman*, 911 P.2d at 1097 (stating that plaintiff is entitled to equitable tolling where circumstances outside of his control have prevented him from filing claims within statutory period, "so long as the plaintiff makes good faith efforts to pursue the claims when possible"), *and Braxton v. Zavaras*, 614 F.3d 1156, 1162 (10th Cir. 2010) (interpreting Colorado law to require plaintiffs seeking equitable tolling to "diligently pursue[] their claims following the exhaustion of their administrative remedies).

obtain his files, or action he took to pursue his claim before the expiration of the statute of limitations on January 24, 2021.  *See id.* at 32-33.

Mr. Nolan states law library restrictions began in 2020, *id.* at 33, but Mr. Nolan does not explain why this prevented him from obtaining the files he needed, as he obtained them from his trial counsel.  Mr. Nolan's allegations of a lack of access to the law library could, in theory, present extraordinary circumstances; however, without allegations that he took some action to attempt to pursue his claims before the expiration of the statute of limitations, Mr. Nolan has not made sufficient allegations to support his argument that equitable tolling applies to his claim.  *See Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (unpublished) (ruling that a lack of access to the law library caused by COVID-19 was not sufficient to require equitable tolling without evidence plaintiff "was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place").

Because Mr. Nolan does not describe any attempts to pursue his claim before the expiration of the statute of limitations, the Court agrees with Officer McCall that Mr. Nolan cannot support a claim of equitable tolling based only upon his requests for information and attempts to litigate his claim after the expiration of the statute of limitations.  The Court will sustain Officer McCall's objection and overrule that portion of the recommendation that recommends denying Officer McCall's motion to dismiss on the grounds that equitable tolling may apply to Mr. Nolan's claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Jace McCall's Objection to the January 10, 2023 Recommendation of United States Magistrate Judge [Docket No. 68] is **SUSTAINED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 64] is **OVERRULED in part** and **ACCEPTED in part**. It is further

**ORDERED** that District Attorney Defendant's Motion to Dismiss Third Amended Complaint [Docket No. 31] is **GRANTED**. It is further

**ORDERED** that Defendant Encinias' Motion to Dismiss Third Amended Complaint [Docket No. 39] is **GRANTED**. It is further

**ORDERED** Defendants Jon Haley, Jace McCall, and Todd Quick's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 48] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice**. It is further

**ORDERED** that this case is closed.

DATED March 8, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge