IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02424-PAB-MDB

ROBERT NOLAN,

    Plaintiff,

v.

JOHN HALEY,
DAVID ENCINAS,
JACE MCCALL,
THE 16TH JUDICIAL DISTRICT ATTORNEY, and
TODD QUICK,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of Judgement [sic] in Order Dismissing Plaintiff's Claims [Docket No. 73] and two letters by plaintiff seeking clarification. Docket Nos. 74, 79. Defendants "16th Judicial District Attorney"[1] and David Encinas[2] filed a response, Docket No. 78, and defendants John

---

[1] Plaintiff names "The 16th Judicial District Attorney" as a defendant, but refers to the same defendant as "The 16th Judicial District Attorney's Office" and "the Otero County District attorneys [sic] office" at various times throughout the complaint. Docket No. 64 at 9 (quoting Docket No. 20 at 1, 3, 26-28). The 16th Judicial Attorney's Office was served and appeared, but counsel also specially appeared on behalf of the District Attorney to the extent the complaint is construed to name an individual as opposed to an office. Docket No. 78 at 1 n.1.

[2] Defendant Encinas states he is misnamed as "David Encinas" instead of David Encinias in plaintiff's third amended complaint. Docket No. 39 at 1. Given that the complaint has not been amended to correct this error, the Court will refer to the parties as they are named in the complaint.

Haley, Jace McCall, and Todd Quick filed a separate response opposing plaintiff's motion. Docket No. 80.

## I. BACKGROUND[3]

The Court assumes the parties' familiarity with the background facts of this case and will not repeat them except as necessary to resolve this motion. *See, e.g.*, Docket No. 69 at 2-4.

On January 10, 2023, Magistrate Judge Dominguez Braswell recommended dismissing plaintiff's claims except plaintiff's claim for malicious prosecution against defendant Jace McCall. Docket No. 64 at 33-34. Defendant McCall filed an objection. Docket No. 68. Plaintiff did not file any objections to the recommendation and did not respond to McCall's objections. On March 8, 2023, the Court sustained McCall's objection and overruled the portion of the recommendation that addressed plaintiff's claim against McCall. Docket No. 69 at 11. The Court accepted the remainder of the recommendation and dismissed all of plaintiff's claims. *Id.* On March 8, 2023, the clerk entered final judgment. Docket No. 70.

On March 21, 2023,[4] plaintiff served a motion requesting that the Court reconsider its decision to dismiss plaintiff's malicious prosecution claim. Docket No. 73.

## II. LEGAL STANDARD

A litigant subject to an adverse judgment who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed.

---

[3] The objection does not contest the statement of facts in the recommendation, *see* Docket No. 68; Docket No. 64 at 2-4, which the Court recounts here.

[4] Although plaintiff's motion was docketed on March 30, 2023, plaintiff's certificate of service claims that he mailed it on March 21, 2023. Docket No. 73 at 7.

2

R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion for reconsideration under Rule 59(e) because the motion was filed on March 21, 2023, which is within twenty-eight days of the Final Judgment [Docket No. 70] being entered on March 8, 2023. *See Van Skiver*, 952 F.2d at 1243.

III. ANALYSIS

Plaintiff asks the Court to reconsider its ruling that plaintiff's claim for malicious prosecution is barred by the statute of limitations. Docket No. 73 at 1. Plaintiff challenges the Court's finding that his claim accrued in 2019 and that there is no equitable tolling. *Id.* at 1-7.

First, plaintiff argues that the magistrate judge's finding that his malicious prosecution claim accrued on January 24, 2019 was in error and that his claim actually accrued on May 26, 2021. *Id.* at 2-3. The recommendation finds that his malicious prosecution claim accrued on January 24, 2019, which is the date of the jury verdict acquitting him of Count One of the indictment. Docket No. 64 at 22. Plaintiff did not file an objection to the recommendation. As a result, this argument is subject to the firm waiver rule.

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). "The failure to timely object to a magistrate's recommendations waives

3

appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object 'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)).

The recommendation advised plaintiff of the deadline to object and informed plaintiff that a failure to timely object would waive *de novo* review of the recommendation. Docket No. 64 at 34-35. Thus, because plaintiff was advised of the consequences of failing to file objections, the first exception to the Tenth Circuit's "firm waiver rule" does not apply.

When considering whether the interests of justice warrant review, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff provides no explanation for why he was unable to file a timely objection to the recommendation, and the Court finds no basis for why the interests of justice would warrant an exception. The second exception to the firm waiver rule does not apply.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law

4

of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).  Plaintiff does not argue that plain error occurred, but argues it was error to interpret the allegations in his complaint as establishing an accrual date of January 24, 2019 for his malicious prosecution claim. Docket No. 73 at 1-2.  Plaintiff argues his claim accrued in 2021 when the Tenth Circuit affirmed his convictions on different counts.  *Id.* at 2.

Plaintiff fails to identify any error by the Court in identifying the accrual date.  "A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."  *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (citations omitted).  Plaintiff's malicious prosecution claim is based on the count for which he was acquitted on January 24, 2019.  Docket No. 20 at 32.  On May 26, 2021, the Tenth Circuit affirmed plaintiff's convictions on separate counts.  *Id.*  The May 26, 2021 opinion of the Tenth Circuit did not consider the plaintiff's acquittal on Count One and therefore does not show a favorable termination of that charge.  Thus, there is no basis for the statute of limitations to have accrued on May 26, 2021 as opposed to January 24, 2019.

Plaintiff has therefore failed to identify any exception to the firm waiver rule regarding the accrual of his malicious prosecution claim, and the Court declines to reconsider the finding that plaintiff's claim accrued on January 24, 2019.

Next, plaintiff argues that the Court erred in sustaining McCall's objection regarding equitable tolling.  Docket No. 73 at 4-7.  The recommendation found that further factual discovery was needed to determine whether equitable tolling applied in plaintiff's case.  Docket No. 64 at 26.  McCall objected, Docket No. 68, and the Court

5

sustained McCall's objection, ruling that plaintiff's complaint did not describe any efforts plaintiff took to litigate his claim before the expiration of the statute of limitations. Docket No. 69 at 10.

Plaintiff's motion for reconsideration argues that he did make an effort to file his case that is sufficient to warrant equitable tolling. Docket No. 73 at 5-6.[5] Plaintiff argues that further factual development was necessary to investigate whether equitable tolling applied, *id.* at 4, but he does not address the Court's conclusion that plaintiff did not describe any attempts to pursue his malicious prosecution claim before the expiration of the statute of limitations. Docket No. 69 at 10. Plaintiff points out that the complaint alleges he was under prison restrictions and could not access the law library as evidence that he diligently attempted to file his claim, but, as noted in the Court's March 8, 2023 order, plaintiff does not explain why library access prevented him from filing his claim within the limitations period, especially given that the files he supposedly needed were in the possession of his attorney. *Id.* In fact, plaintiff does not identify any actions he took to pursue his malicious prosecution claim before the statute of limitations expired. *See id.* Plaintiff has failed to show that factual discovery was necessary to determine whether equitable tolling applied to his claim and therefore provides no basis for the Court to reconsider its ruling.

---

[5] The firm waiver rule does not apply to this argument because plaintiff claims that the recommendation should have been followed instead of overruled, Docket No. 73 at 4, and so plaintiff would not have had a reason to file an objection to this portion of the recommendation. The Court notes, however, that plaintiff did not respond to defendant's objection which considered this portion of the recommendation.

Plaintiff has not shown any error or any circumstances requiring reconsideration of the Court's order under Fed. R. Civ. P. 59(e). The Court will therefore deny plaintiff's motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Reconsideration of Judgement [sic] in Order dismissing Plaintiff's Claims [Docket No. 73] is **DENIED**. It is further

**ORDERED** that plaintiff's first letter[6] [Docket No. 74], construed as a motion for clarification, is **DENIED as moot**. It is further

**ORDERED** that plaintiff's second letter[7] [Docket No. 79], construed as a motion for clarification, is **DENIED as moot**. It is further

**ORDERED** that plaintiff's Motion for Extension of Time [Docket No. 81] is **DENIED as moot**.

DATED May 9, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[6] Plaintiff's first letter seeks guidance on whether the Court "will entertain" his motion for reconsideration. Docket No. 74 at 1. This request is denied as moot.

[7] Plaintiff's second letter asks whether he must wait to proceed on appeal until the Court rules on his motion for reconsideration. *See* Docket No. 79. This request is also denied as moot.